SKC

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael More, | No. CV 19-04530-PHX-DGC (CDB) |
| Plaintiff, | |
| v. | **ORDER** |
| Arizona Department of Corrections, et al., | |
| Defendants. | |

Plaintiff Michael More, who is currently confined in the Arizona State Prison Complex-Lewis, Bachman Unit, brought this civil rights action pursuant to 42 U.S.C. § 1983. Defendant J. Scott moves for summary judgment based on failure to exhaust administrative remedies and on the merits. (Doc. 51.) Plaintiff was informed of his rights and obligations to respond pursuant to *Rand v. Rowland*, 154 F.3d 952, 962 (9th Cir. 1998) (en banc) (Doc. 53), and he did not respond. The Court will grant the Motion for Summary Judgment.

**I.   Background**

On screening of Plaintiff's seven-count Second Amended Complaint under 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated a First Amendment religious free exercise claim in Count Five against Defendant Scott, the Bachman Unit Manager for Trinity Food Service, Inc., based on Scott's alleged failure to allocate a separate set of utensils for the preparation of kosher foods in accordance with kosher dietary

requirements. (Doc. 18.) The Court directed Scott to answer the claim and dismissed the remaining claims and Defendants. (*Id.*)

## II.    Summary Judgment Standard

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The movant bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323.

If the movant fails to carry its initial burden of production, the nonmovant need not produce anything. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Co., Inc.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000). But if the movant meets its initial responsibility, the burden shifts to the nonmovant to demonstrate the existence of a factual dispute and that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 250 (1986); *see Triton Energy Corp. v. Square D. Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). The nonmovant need not establish a material issue of fact conclusively in its favor, *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968); however, it must "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal citation omitted); *see* Fed. R. Civ. P. 56(c)(1).

At summary judgment, the judge's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. In its analysis, the court must believe the nonmovant's evidence and draw all inferences in the nonmovant's favor. *Id.* at 255. The court need consider only the cited materials, but it may consider any other materials in the record. Fed. R. Civ. P. 56(c)(3).

. . . .

### III. Exhaustion

#### A. Legal Standard

Under the Prison Litigation Reform Act, a prisoner must exhaust "available" administrative remedies before filing an action in federal court. *See* 42 U.S.C. § 1997e(a); *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006); *Brown v. Valoff*, 422 F.3d 926, 934-35 (9th Cir. 2005). The prisoner must complete the administrative review process in accordance with the applicable rules. *See Woodford v. Ngo*, 548 U.S. 81, 92 (2006). Exhaustion is required for all suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The defendant bears the initial burden to show that there was an available administrative remedy and that the prisoner did not exhaust it. *Albino v. Baca*, 747 F.3d 1162, 1169, 1172 (9th Cir. 2014); *see Brown*, 422 F.3d at 936-37 (a defendant must demonstrate that applicable relief remained available in the grievance process). Once that showing is made, the burden shifts to the prisoner, who must either demonstrate that he, in fact, exhausted administrative remedies or "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172. The ultimate burden, however, rests with the defendant. *Id.* Summary judgment is appropriate if the undisputed evidence, viewed in the light most favorable to the prisoner, shows a failure to exhaust. *Id.* at 1166, 1168; *see* Fed. R. Civ. P. 56(a).

If the defendants move for summary judgment for failure to exhaust and the evidence shows that the plaintiff did, in fact, exhaust all available administrative remedies, it is appropriate for the court to grant summary judgment sua sponte for the nonmovant on the issue. *See Albino*, 747 F.3d at 1176 (pro se prisoner did not cross-move for summary judgment on issue of exhaustion, but because he would have succeeded had he made such a motion, sua sponte grant of summary judgment was appropriate).

. . . .

**B.     Facts**[1]

    **1.     ADC Grievance Procedures**

The Arizona Department of Corrections (ADC) has an Inmate Grievance Procedure, set forth in Department Order (DO) 802, as to which prisoners receive written and verbal instruction, both during their initial intakes and as part of their orientation processes at any subsequent facility.  (Doc. 51 at 4; Doc. 51-1 at 2, 12 (DO 802 § 11.0).)[2]

ADC's Inmate Grievance Procedure is a multi-step process, beginning with the requirement that a prisoner first attempt to resolve his issue informally through discussion with staff in the area most responsible for the complaint.  (Doc. 51-1 at 5 (DO 802 § 2.1).)  If a prisoner is unable to resolve his issue in this way, he may submit an Inmate Informal Complaint Resolution form to the Correctional Officer (CO) III in his unit within 10 days of the date of the action that caused the complaint, after which the CO III must investigate

---

[1] Because Plaintiff failed to file a response or controverting statement of facts, the Court will consider Defendant's supported facts undisputed unless they are clearly controverted by Plaintiff's first-hand allegations in the verified Complaint or other evidence on the record.  Where the nonmovant is a pro se litigant, the Court must consider as evidence in opposition to summary judgment all the nonmovant's contentions set forth in a verified complaint or motion.  *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

[2] Defendant did not set forth the facts regarding this process in his Separate Statement of Facts, as required under Local Rule 56.1(a); nor did he provide specific citations to DO 802 in his Memoranda of Law, leaving it to the Court to locate the provisions upon which he relies to set forth the required steps of ADC's grievance process.  Because Defendant attached a copy of DO 802 to his Motion, and Plaintiff has had an opportunity to respond, the Court will in its discretion consider the relevant facts set forth in that attachment.  Counsel for Defendant should be aware, however, of his obligations to comply with Federal and Local Rules.  Defendant has an obligation under Federal Rule of Civil Procedure 56(c)(1)(A) and Local Rule 56.1(1)(a) to "cite to the specific admissible portion of the record where the fact finds support."  *See S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 889 (9th Cir. 2003) (in summary judgment briefing "[g]eneral references without page or line numbers are not sufficiently specific"); *see also Orr v. Bank of America*, 285 F.3d 764, 775 (9th Cir. 2002) (internal quotation omitted) ("Judges need not paw over the files without assistance from the parties.").

and attempt to resolve the issue and provide the prisoner a written response within 15 days of receiving the Informal Complaint. (*Id.* at 6 (DO 802 §§ 2.2−2.3).) If the issue is still unresolved at this stage, the next step is for the prisoner to file a Formal Grievance with the CO IV Grievance Coordinator within 5 days of receipt of the CO III's response, after which the CO IV Grievance Coordinator must log and assign a number to the Formal Grievance, using the Unit Coordinator Grievance Log. (*Id.* (DO 802 § 3.0).) Within 15 days of receipt of the Formal Grievance, the Deputy Warden must issue a written response to the prisoner. (*Id.* at 6−7 (DO 802 §§ 3.4−3.6).)

If, after completing the required steps of both the informal and formal grievance processes, the prisoner is unsatisfied with the response of the Deputy Warden, the final step is for the prisoner to file an Inmate Grievance Appeal with the CO IV Grievance Coordinator, who must log and number the Grievance Appeal and forward all documents to the Central Office Appeals Officer. (*Id.* at 7 (DO 802 § 4.0).) Within 30 days of receipt, the Central Office Appeals Officer must prepare and submit a response to the Director for a signature. (*Id.*) The Director's response is final and marks the conclusion of the ADC grievance process. (*Id.*)

At any stage in the grievance process, unless notified of an extension of timeframes, the expiration of the time for a response entitles the prisoner to move on to the next step of the grievance process, even without a response. (*Id.* at 5 (DO 802 § 1.10).) Under such circumstances, the prisoner has the same time to proceed to the next step of the process as if he had received a response, with the time to proceed beginning to run the day after a response was due. (*Id.* (DO 802 § 1.10.1).)

**2.    Plaintiff's Grievances**

On May 18, 2019, Plaintiff submitted an Inmate Informal Complaint Resolution, complaining that his kosher diet was being prepared without proper utensils. (Doc. 17 at 28.) On June 1, 2019, Plaintiff filed another Inmate Informal Complaint Resolution on the same issue and additionally complaining about the lack of variety and the improper substitutions of non-kosher items into the kosher diet. (*Id.* at 22.) On June 11, 2019,

Plaintiff filed an Inmate Grievance, stating that he had not received a response to his Informal Complaints and again complaining that his kosher meals were not being prepared or served with proper utensils. (*Id.* at 31.)

On June 5, 2019, CO III Jones responded to Plaintiff's June 1, 2019 Informal Complaint Resolution, stating that Trinity Manager Scott was "unable to provide me a list of approved Kosher Items of procedures" and that Plaintiff's complaint was considered resolved at this level and he "may proceed to the next level of the grievance process." (*Id.* at 32.) On July 11, 2019, Plaintiff filed an Inmate Grievance with the CO IV Grievance Coordinator, complaining that the CO III's response had not resolved his issue at all and that his complaint was being ignored. (*Id.* at 34.)

On July 16, 2019, Plaintiff's July 11, 2019 Inmate Grievance was marked "unprocessed" and returned to Plaintiff with a coversheet, noting that Plaintiff had not provided proof that he had first submitted an Informal Complaint to his assigned CO III, and there was no informal response attached. (Doc. 52-1 at 2−3.)

On his Second Amended Complaint in this action, Plaintiff checked the boxes indicating that (1) administrative remedies were available to him, (2) he had submitted a request for administrative relief as to his claim against Defendant Scott in Count Five, but (3) he had not appealed his request for relief to the highest level. (*Id.* at 26.) In explanation for his failure to pursue his request to the highest level, he wrote: "My Informal and Grievance were not answered." (*Id.*)

**C.    Discussion**

The above evidence is sufficient to show that Plaintiff had administrative remedies available to him to grieve Defendant's alleged failure to allocate separate utensils for preparing and serving kosher foods, and he did not fully exhaust his administrative remedies as to that issue. The burden therefore shifts to Plaintiff to show either that he did exhaust or that "something in his particular case . . . made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172.

Because Plaintiff did not respond to Defendant's Motion, the only evidence before the Court regarding this showing are the statements Plaintiff made in, and the documents he attached to, his Second Amended Complaint. This evidence is sufficient to show that Plaintiff filed both an Informal Complaint (Doc. 17 at 28) and an Inmate Grievance (*Id.* at 34) regarding the lack of separate utensils used for the kosher diet. Additionally, in his July 11, 2019 Inmate Grievance, Plaintiff wrote that he received a response to his Informal Complaint, and he complained that the response — that Defendant could not provide a list of kosher items and procedures — had not resolved his issue. (*Id.*)

The evidence therefore does not support that Plaintiff did not receive a response to his Informal Complaint, as he stated in his Second Amended Complaint. Plaintiff also does not dispute that he failed to attach his Informal Complaint to his Inmate Grievance and that, as a result, his Inmate Grievance was returned to him unprocessed. (Doc. 52-1 at 2–3.)

Construing the facts in Plaintiff's favor, the Court takes as true that Plaintiff did not receive a response to his Inmate Grievance. This does not show, however, that the ADC grievance process was effectively unavailable to him. As set forth above, if a prisoner does not receive a response at any level of the grievance process, he may move to the next step of that process, using the same timeframe for doing so as if a response had been received. (Doc. 51-1 at 5 (DO 802 § 1.10).) Plaintiff has not shown either that he did proceed to the next and final level of the grievance process or that he was effectively prevented from doing so.

Absent any such showing, Plaintiff fails to create a genuine issue of material fact either that he did exhaust his administrative remedies or that the exhaustion requirement should be excused. The Court will therefore grant Defendant's Motion for Summary Judgment and will dismiss this action without prejudice based on failure to exhaust administrative remedies.[3]

---

[3] Because the Court will dismiss this action for failure to exhaust, it need not discuss Defendant's alternative arguments for summary judgment on the merits.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendant's Motion for Summary Judgment (Doc. 51).

(2) Defendant's Motion for Summary Judgment (Doc. 51) is **granted**, and the action is **dismissed** without prejudice based on failure to exhaust administrative remedies. The Clerk of Court must enter judgment accordingly.

Dated this 28th day of April, 2021.

*David G. Campbell*
David G. Campbell
Senior United States District Judge